UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:15-mj-00175-AJ |
| ) | |
| JOEL A. TETTEH ) | |

**ASSENTED-TO MOTION TO CONTINUE SHOW CAUSE HEARING AND EXCLUDE
DELAY PURSUANT TO 18 U.S.C. § 3161(h)(7)(A)**

The United States of America respectfully requests a continuance of the show cause hearing in this matter to a date on or after February 25, 2016, and requests that the Court enter an order finding that the period from January 11, 2016, through the date of the show cause hearing constitutes excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A). Counsel for the defendant assents to this request.

## BACKGROUND

The defendant was arrested on December 21, 2015, and charged by criminal complaint with providing false information to a firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and conspiracy to smuggle goods from the United States, in violation of 18 U.S.C. §§ 371 and 554(a).

At the defendant's initial appearance on December 21, 2015, the United States moved to have the defendant detained pending trial pursuant to 18 U.S.C. § 3142. The defendant, who was represented by court-appointed counsel Jon Saxe, stipulated to detention, without prejudice.

On January 5, 2016, the defendant's counsel filed a motion to withdraw, which was granted on January 6, 2016.  A new attorney, Paul Garrity, entered an appearance on January 8, 2016.

The Court has scheduled a show cause hearing for January 21, 2016.

## DISCUSSION

The United States requests a continuance of the show cause hearing so that it can discuss this matter with the defendant's new counsel prior to seeking an indictment.  This additional time may allow the United States and the defendant an opportunity to determine whether this matter can be resolved prior to indictment.  The United States requests that the Court find that this delay constitutes excludable delay under the Speedy Trial Act.

Under the terms of the Speedy Trial Act, a case must be indicted within 30 days of the date of the initial appearance, setting aside any excludable time.  *See* 18 U.S.C. § 3161(b).  In this case, an indictment ordinarily should be returned by on or about January 22, 2016.  The United States requests that the Court enter an order continuing the date of the show cause hearing to a date on or after February 25, 2016.  The United States further requests that the Court enter an order finding that the delay caused by this continuance constitutes excludable delay because the ends of justice served by the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

In assessing whether it is appropriate to exclude a period of time pursuant to § 3161(h)(7)(A), the Court may consider a number of factors, including:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is

2

>unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) or because the facts upon which the grand jury must base its determination are unusual or complex.

18 U.S.C. § 3161(h)(7)(B) (emphasis added).

This case is unusual because the defendant has changed counsel shortly before the United States would need to seek an indictment. In order to provide defense counsel with an opportunity to become familiar with this matter and for the parties to have an opportunity to discuss the potential for a pretrial resolution, the parties believe that it would be mutually beneficial to delay the return of an indictment in this case.

Counsel for the United States has consulted with counsel for the defendant and counsel for the defendant has advised that he assents to the requested continuance and order of excludable delay. Counsel for both parties also believe that the requested continuance may allow the parties to discuss the possibility of a resolution of this matter, which may serve to conserve judicial and grand jury resources. In light of the assent of the defendant and the relatively brief delay being sought, the ends of justice served by the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

## CONCLUSION

For all of these reasons, the United States requests that the Court continue the show cause hearing to a date on or after February 25, 2016, and enter an order finding that the period from January 11, 2016, to the date of the show cause hearing constitutes excludable delay under 18 U.S.C. § 3161(h)(7)(A).

> Respectfully submitted,
>
> EMILY GRAY RICE
> United States Attorney

January 11, 2016      By:    /s/ John J. Farley
                                         John J. Farley
                                         Assistant U.S. Attorney
                                         NH Bar No. 16934
                                         53 Pleasant Street
                                         Concord, NH  03301
                                         (603) 225-1552
                                         John.Farley@usdoj.gov

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served via ECF upon counsel for the defendant.

January 11, 2016      By:    /s/ John J. Farley
                                         John J. Farley
                                         Assistant U.S. Attorney