**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 150-mj-175—01-AJ

Joel A. Tetteh

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on February 18, 2016, for the purpose of determining whether the defendant should be detained.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government argued that a detention hearing was warranted under 18 U.S.C. § 3142(f)(1)(E).

The defendant has been charged by Complaint with conspiracy to make a false statement during the acquisition of a firearm,

in violation of 18 U.S.C. § 371, and possession of a firearm by
a convicted felon in violation of 18 U.S.C. §§ 922(a)(6) and
922(g)(1).  The charges in this case and the government's
proffer with respect to risk of flight satisfies the above
parameters, and I therefore find that the detention hearing was
authorized under § 3142(f)(1)(E).

Pursuant to § 3142(f), the court must determine whether any
condition or combination of conditions set forth in § 3142(c)
will reasonably assure the appearance of the defendant ("risk of
flight") and the safety of any other person and the safety of
the community ("dangerousness").  18 U.S.C. § 3142(f); United
States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In
making this determination, the court must consider the
following: (1) the nature and circumstances of the offense
charged; (2) the weight of the evidence as to guilt; (3) the
history and characteristics of the accused, including family
ties, past history, financial resources and employment; and (4)
the nature and seriousness of the danger to any person or the
community that would be posed by a release.  18 U.S.C. § 3142(g)

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government has the burden of persuading the
court that no condition or combination of conditions will
reasonably assure (1) the defendant's presence at trial, United

States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or
(2) the safety of another or the community.  Patriarca, 948 F.2d
at 793.  The government is required to prove risk of flight by a
preponderance of the evidence and to establish dangerousness by
clear and convincing evidence.  See id. at 792-93.
in § 3142(e)(3)(B) is therefore triggered.

### Findings and Rulings

In the instant case, the government argued that defendant's
release posed a serious risk of flight and danger.  After
weighing the evidence and balancing the factors laid out in 18
U.S.C. § 3142(g), the court finds that the government, met its
burden of proof with respect to both flight and danger.  The
court issued its ruling and explained its rationale orally from
the bench.  The court incorporates its oral ruling herein and,
for the reasons stated on the record, finds that the government
met its burden of proving that defendant's release, even on
strict conditions, presents too serious a risk of both flight
and danger.  There are no conditions or combination of
conditions of release that will reasonably assure the safety of
the community or the appearance of defendant.  Accordingly, it
is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney
General or his designated representative for confinement in a

3

correctional facility, to be held separately, to the extent
practicable, from persons awaiting or serving sentences or being
held in custody pending appeal.  The defendant shall be afforded
a reasonable opportunity for private consultation with defense
counsel.  On order of a court of the United States or on request
of an attorney for the government, the person in charge of the
correctional facility shall deliver the defendant to the United
States Marshal for the purpose of appearing in connection with
court proceedings.

     SO ORDERED.

_____
Joseph N. Laplante
United States District Judge


Date: February 23, 2016

cc:  John J. Farley, AUSA
     Paul J. Garrity, Esq.